UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PATRICIA AND JOHNNIE BELL,

              Plaintiffs,                           **MEMORANDUM & ORDER**
                                                                       13-CV-5447 (RRM) (CLP)

- against -

THE CITY OF NEW YORK, LIEUTENANT
DAVID REILLY, POLICE OFFICERS RACHID
BENLHOUSSAIN (Shield 21282) and THOMAS
PELLICANO (Shield 30927), and JOHN and
JANE DOES 1–3,

              Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiffs have alleged that their civil rights were violated when the defendant officers entered their apartment without a warrant at 4:00 a.m. on July 26, 2013, allegedly in response to two 911 calls from a woman claiming that she had been assaulted and threatened with a knife by a man in Apartment 6B – the apartment where plaintiffs were residing. On January 14, 2015, Magistrate Judge Pollak issued an order directing defendants to provide plaintiffs with "the names of the complaining witnesses and other officers" in connection with various Internal Affairs Bureau ("IAB") and Civilian Complaint Review Board ("CCRB") complaints against the defendant officers. (*See* Jan. 14 Order (Doc. No. 44).)

      Defendants moved for reconsideration of that order, arguing that they should not be required to produce information concerning non-party officers (i.e. officers not named as defendants in this action) because plaintiffs had not requested this information and producing it would violate the privacy interests and rights of these officers. Magistrate Judge Pollak denied the motion on February 10, 2015, and ordered defendants to provide "[t]he names of non-party officers, along with the results of the proceedings and any narrative of those officers' conduct,"

1

and "contact information for those non-party officers if plaintiffs request an opportunity to depose them." (*See* Feb. 10 Order (Doc. No. 49) at 2.)

Defendants filed objections to these orders pursuant to Federal Rule of Civil Procedure ("Rule") 72(a), arguing that they should not be required to produce information concerning non-party officers because plaintiff did not request it and it is not relevant or reasonably calculated to lead to the discovery of admissible evidence. (Mot. for Recons. (Doc. No. 53–1) at 5.) They move this Court to

> set aside the portions of the February 10 Order that require: (1) the production of pedigree information of officers who are non-parties to the instant action but who were involved in unrelated CCRB and IAB investigations involving the named defendants; (2) the results of the proceedings and any narrative of those non-party officers' conduct in the unrelated matters; and (3) contact information for the non-party officers involved in the unrelated investigations if plaintiffs request an opportunity to depose them.

(*Id.* at 10.) Because defendants have failed to show that the Magistrate Judge Pollak's order is clearly erroneous or contrary to law, their requests are denied.

## DISCUSSION

Pre-trial discovery issues are generally considered non-dispositive matters. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). When considering objections to a magistrate judge's ruling on a non-dispositive matter, a district judge will only modify or set aside any portion of the magistrate's order found to be "clearly erroneous or contrary to law." Rule 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "An order is clearly erroneous only if a reviewing court, considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed; an order is contrary to law when it fails to apply or misapplies

relevant statutes, case law, or rules of procedure." *Monko v. Senkowski*, No. 97-CV-2895 (DRH), 2015 WL 5076902, at *2 (E.D.N.Y. Aug. 27, 2015) (internal citations and quotation marks omitted). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused [her] discretion." *Id.* (internal citation and quotation marks omitted).

Defendants have not met this burden. They first argue at length that plaintiffs failed to specifically request information concerning non-party officers, noting repeatedly that plaintiffs only requested information about "complainants and their witnesses" in the IAB and CCRB files. (*See* Mot. for Recons. at 5–8.) But Magistrate Judge Pollak explained that she "understood plaintiffs' references to 'complainants and witnesses' to include the names and contact information of other officers named in the complaints." (Feb. 10 Order at 1.) Defendants offer no argument opposing Magistrate Judge Pollak's reasonable interpretation that plaintiffs' request encompassed the names and contact information of other officers named in the complaints as well as civilian witnesses.[1]

Next, defendants argue that the information concerning non-party officers is not relevant or reasonably calculated to lead to the discovery of admissible evidence. They cite five cases for the proposition that "evidence of prior or subsequent allegations of misconduct against police officers is not admissible in civil suits." (Mot. for Recons. at 8.) But the relevant question here is not whether the information would itself be admissible, but rather whether it is "reasonably calculated to lead to the discovery" of admissible evidence. Fed. R. Civ. P. 26(b)(1). Plaintiffs explain that they need the ordered disclosure in order to fully understand the defendant officers'

---

[1] Defendants distinguish several cases previously cited by plaintiffs, arguing that those cases do not apply to non-party officers, but offer no case law supporting their argument that information about non-party officers is not reasonably calculated to lead to the discovery of admissible evidence.

3

past conduct and to determine whether to introduce evidence from those incidents under Fed. R. Evid. 404(b) ("Rule 404(b)"). (Pl. Resp. in Opp. (Doc. No. 54) at 5.) Plaintiffs also cite to a series of cases showing that they are entitled to "the full names, addresses, telephone numbers and email addresses (if any) of complainants and witnesses in CCRB and IAB investigative files, so that plaintiffs may evaluate the incidents for possible use at trial pursuant to [Rule 404(b)]." (Pl. Resp. in Opp. at 4–5) (citing *Frails v. City of New York*, 236 F.R.D. 116 (E.D.N.Y. 2006); *Pacheco v. City of New York*, No. 05-CV-2013 (NG) (VVP), 2006 WL 648057 (E.D.N.Y. Mar. 13, 2006); *Bradley v. City of New York*, No. 04-CV-8411 (RWS) (MHD), 2005 WL 2508253 (E.D.N.Y. Oct. 3, 2005)).

Defendants cite two cases where prior acts were found inadmissible because they were insufficiently similar to the acts at issue. But Magistrate Judge Pollack found that the information ordered to be disclosed was "reasonably calculated to lead to admissible evidence," and in no way ruled on the admissibility of the information to be disclosed. (Feb. 10 Order at 2.) She also found that twenty-one unsubstantiated CCRB and IAB incidents suggested "some degree of abuse of authority, which is the closest thing to what the plaintiffs are alleging in this case." (Jan. 14 Order at 4.) The case law is clear that "[d]isciplinary records involving complaints of a similar nature, whether substantiated or unsubstantiated, could lead to evidence that would be admissible at trial and thus, are discoverable." *Frails*, 236 F.R.D. at 117 (citing *Pacheco*, 2006 WL 648057 at *1; *Bradley*, 2005 WL 2508252 at *1; *Fountain v. City of New York*, No. 03-CV-4526, 2004 WL 941242, at *2 (S.D.N.Y. May 3, 2004)). Whether the potential Rule 404(b) evidence is sufficiently similar to the acts of the defendants to be admissible at trial is not a question for this stage of litigation.

Lastly, defendants argue that this discovery would "further increase the costs associated with this action and exponentially outweigh the legitimate use of discovery tools and the Federal Rules." (Mot. for Recons. at 10 (citing Rule 1).) But as defendants admit, Rule 1 only requires that the Rules "be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding." (*Id.* at 9–10.) It cannot be used as a shield against enforcement of a magistrate judge's lawful ruling regarding a party's disclosure obligations.

## CONCLUSION

Defendants have not put forth any "relevant statutes, case law, or rules of procedure" that Magistrate Judge Pollak failed to apply or misapplied in issuing her ruling, and thus defendants have not demonstrated that the order was contrary to law. *Dorsett v. Cnty. of Nassau*, 800 F. Supp. 2d 453, 456 (E.D.N.Y. 2011), *aff'd sub nom. Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156 (2d Cir. 2013). Defendants have also failed to offer anything to suggest that Magistrate Judge Pollak's orders are clearly erroneous, or exceed the bounds of her authority or the proper exercise of her discretion. Magistrate Judge Pollack ordered the disclosure after reviewing descriptions of each of the disciplinary incidents at issue (Mot. For Recons. at 7, f.n. 3.) and properly concluded that the disclosures ordered may lead to admissible evidence. Defendants have therefore not met their burden under Rule 72(a), and their motion for reconsideration is denied.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
September 15, 2015

_____
ROSLYNN R. MAUSKOPF
United States District Judge